PD-1094&1095&1096-17

Nos. PD-1094-17, PD-1095-17 & PD-1096-17

**IN THE
COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS**

ANGELA D. FARMER,
Appellant

v.

THE STATE OF TEXAS,
Appellee

**APPELLANT'S PETITION FOR
DISCRETIONARY REVIEW**
Nos. 02-16-00110-CR
02-16-00111-CR
02-16-00112-CR

COURT OF APPEALS
FOR THE SECOND DISTRICT OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 10 2017

Deana Williamson, Clerk

ON APPEAL FROM CAUSE Nos.
1418882D, 1418885D & 1418887D

In the Criminal District Court No. Two
Tarrant County, Texas

**ORAL ARGUMENT
REQUESTED**

JACK V. STRICKLAND
State Bar No. 19397000
909 Throckmorton Street
Fort Worth, Texas 76102
Tel: (817) 338-1000
Fax: (817) 338-1020
jvstrickland1943@gmail.com

COUNSEL FOR APPELLANT
(Appeal Only)

# TABLE OF CONTENTS

TABLE OF CONTENTS............................................................................1-2

INDEX OF AUTHORITIES......................................................................3

STATEMENT REGARDING ORAL ARGUMENT..................................4

STATEMENT OF THE CASE....................................................................4

STATEMENT OF PROCEDURAL HISTORY...........................................5

GROUND FOR REVIEW..........................................................................5

How inadequately must defense counsel perform before the Court of Appeals will conclude that his representation was deficient and consider whether a defendant was deprived of their constitutional right to a fair trial?

REASON FOR REVIEW.............................................................................5

ARGUMENT AND AUTHORITIES.......................................................6-9

PRAYER FOR RELIEF..............................................................................9

CERTIFICATE OF SERVICE...............................................................9-10

CERTIFICATE OF COMPLIANCE........................................................10

APPENDIX................................................................................................11

1. Exhibit #1: *Farmer v. State*, (Tex. App.-Fort Worth Nos. 02-16-00110, 02-16-00111-CR & 02-16-00112-CR, 5/25/17) (not designated for publication).

2. Exhibit # 2: Appellant's motion for rehearing, 6/9/17, with denial, 6/29/17.

3. Exhibit #3: Appellant's motion for reconsideration *en banc,* 8/1/17, with denial 8/10/17.

# INDEX OF AUTHORITIES

## CASES

*Garcia v. State.* 57 s.w. 3d 346 (Tex.Crim.App. 2001)...............................7

*ernandez v. State,* 726 S.W. 2d 53 (Tex. Crim. App. 1986) ........................8

*Lopez v. State,* 343 S.W. 3d 2137, 143 (Tex.Crim.App. 2011) ...............7

*Menefield v. State,* 363 S.W. 3d 591, 592-93 (Tex.Crim.App. 2012)................7

*Scheanette v. State,* 144 S.W. 3d 503, 509 (Tex.Crim.App. 2004), cert.denied,

   543 U.S. 1059 (2005) .................................................................7

*Strickland v. Washington,* 466 U.S. 668 (1984)...................................8

*United States v. Rusmisel,* F.2d 301, 310 (5TH Cir. 1983)......................8


## RULES

Tex.R.App.Pro., R. 66 *et seq.*.......................................................4

Tex.R.App.Pro., R. 66.3(f) ...........................................................5

## STATEMENT REGARDING ORAL ARGUMENT

Appellant has raised an important question of constitutional dimension in this Court and believes that oral argument would help clarify the issue presented in her petition for discretionary review. Further, counsel invites the attention of the Court to the fact that Appellant is an indigent person and should have the opportunity to avail herself of all rights available to her under the law. Oral argument is one such opportunity. Appellant therefore respectfully requests oral argument.

## TO THE HONORABLE JUDGES OF THE TEXAS COURT OF CRIMINAL APPEALS:

NOW COMES, Angela D. Farmer, Appellant in the three causes before the Court, by and through her court-appointed attorney of record, Jack V. Strickland, and pursuant to the provisions of, R. 66 *et seq.*, T.R.A.P., petitions this Court to grant discretionary review. In support of said petition, Appellant shows as follows:

## STATEMENT OF THE CASE

Appellant was convicted of two cases of possession of a controlled substance with intent to deliver, one case of evading arrest with a deadly weapon special issue, and being a repeat offender. The Court of Appeals affirmed, holding in part that Appellant failed to show that her trial attorney's representation was deficient.

4

# STATEMENT OF PROCEDURAL HISTORY

In her appellate brief, Appellant presented two grounds for review.[1] Her

conviction was affirmed in a memorandum opinion not designated for publication.[2]

*Farmer v. State,* (Tex.App.—Fort Worth, Nos. 02-16, 00110, 00111 and 00112,

5/25/17 (not designated for publication). (See Appendix). By order of this Court,

Appellant's petition is due to be filed on October 9, 2017.

## GROUND FOR REVIEW

> How inadequately must defense counsel perform before the Court
> of Appeals will conclude that his representation was deficient and
> consider whether a defendant was deprived of their constitutional
> right to a fair trial?

## REASON FOR REVIEW

Review is proper pursuant to R. 66.3(f), T.R.A.P. because the Court of

Appeals has so far departed from the accepted and usual course of judicial

proceedings as to call for an exercise of the Court of Criminal Appeals' power of

supervision.

---

[1] Appellant however petitions for discretionary review of only a single issue.

[2] Should this petition be granted, Appellant shall seek leave to move this Court to order publication of the opinion.

## ARGUMENT AND AUTHORITIES

Appellant was represented on three cases by a lawyer who, in the words of attorney Brendan Sullivan, functioned as no more than "a potted plant." A close review of the record will reveal that Appellant would likely have fared no worse had she had no lawyer whatsoever.

The record reflects and the State agrees that counsel:

1. entered his appearance in these three serious felony cases less than 24 hours before the commencement of trial. CR.1:21; State's Brief ("SB"): 17;

2. conducted a truncated and superficial voir dire of the jury panel. RR. 2: 110-124;

3. during the ensuing four hour trial, counsel asked thirty-five questions, RR. 2: 139-231; voiced only one objection, RR. 2:153, failed to raise a single objection to the admissibility of the State's 52 exhibits, RR. 2: 139-231; and apparently never even examined the evidence prior to its admission. RR. 2: 139-231; SB: 17-20;

4. failed to adequately advise Appellant prior to the invocation of her right to remain silent or her plea of true to the repeat offender allegations. RR. 3: 49-50;

5. failed to read the court's punishment charge, thereby overlooking a misstatement of the law setting out the range of punishment regarding the evading charge. CR. 1:40 (trial no. 1418887D); SB: 19;

6. failed to object to any portion of the trial court's two jury charges, or to offer any requested special charges. RR. 3:3, 48; and

7. managed to make two jury arguments in less than five minutes total for the two stages of Appellant's trial. RR. 3: 14-17; RR. 3: 58-63.

In reviewing this record, it is difficult to imagine that a lawyer could cram so many errors into such a brief trial. Appellant acknowledges in her brief to the Court of Appeals and in this petition that direct appeal is usually an inadequate vehicle for raising an ineffective-assistance claim. *Menefield v. State,* 363 S.W. 3d 591, 592-93 (Tex.Crim.App. 2012). However, the instant case poses an exception to that general prohibition because trial counsel's ineffectiveness is grossly apparent from the record. *See, Lopez v. State,* 343 S.W. 3d 2137, 143 (Tex.Crim.App. 2011). Unfortunately, however, the Court of Appeals apparently appears to have relied solely on *Menefield, supra* disregarding *Lopez, supra.*

Even though Texas law permits a reviewing court to base a finding of ineffectiveness on a single error, *see ex parte Verelas,* 45 S.W. 3d 627, (Tex.Crim.App. 2001), there was no necessity that Appellant take that tack in the cases at bar. Rather, asked the Court of Appeals to look to the totality of the representation. See *Scheanette v. State,* 144 S.W. 3d 503, 509 (Tex.Crim.App. 2004), cert.denied, 543 U.S. 1059 (2005). A reviewing court is obligated to give deference to a trial attorney's "trial strategy." But there must be some reasonable

belief that a lawyer *has* a trail strategy in order to give deference to it. In this case, there clearly was no trial strategy. The deficient performance in this case was simply too outrageous. *See, Garcia v. State,* 57 S.W. 3d 436, 440 (Tex.Crim.App. 2001). A reviewing court should determine whether a trial "strategy" can be so ill-advised as to render a trial fundamentally unfair. *United States v. Rusmisel,* F.2d 301, 310 (5TH Cir. 1983). As noted, in these cases of course there was no meaningful trial strategy. The Court of Appeals failed in its obligation to do so, and never even reached an analysis of the second prong necessitated by *Strickland v. Washington,* 466 U.S. 668 (1984);, *Hernandez v. State,* 726 S.W. 2d 53 (Tex. Crim. App. 1986).

Lastly, an observation regarding trial counsel's failure to read the erroneous punishment charge. Granted, the jury handed down a sentence within the proper range of punishment, the court's charge notwithstanding. However, the significance of counsel's failure is not what the jury did, but what counsel did not do. It is simply one more example of his deficient performance.

Should Appellant's petition be denied, she conceivably can pursue this issue on a post-conviction writ of habeas corpus. But there is no sound reason for requiring her to do so. The record reflects that Appellant is indigent and imprisoned clearly had a lawyer whose minimal efforts fell below what is required for proficient counsel. She is unlikely to receive appointed counsel on a writ and requiring a writ

8

as a vehicle for meaningful review will entail additional time, expense and incarceration. It would be far better to act now, sending a clear message to our courts, this lawyer, and the citizens of this State that such deficient conduct will neither be ignored nor excused.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays that this Court grant discretionary review, and after full briefing on the merits, reverse the judgment of the Second Court of Appeals. Appellant further prays that these causes be remanded to the trial court for a new trial.

Respectfully Submitted,

/s/ Jack V. Strickland
JACK V. STRICKLAND
State Bar No. 19397000
909 Throckmorton Street
Fort Worth, Texas 76102
Tel: (817) 338-1000
Fax: (817) 338-1020
jvstrickland1943@gmail.com

COUNSEL FOR APPELLANT
(On Appeal Only)

## **CERTIFICATE OF SERVICE**

On May 17, 2017 a true and correct copy of the foregoing Appellant's Petition for Discretionary Review was forwarded to:

1. Angela D. Farmer, Appellant
   TDCJ No. 02056021
   Hobby Unit
   742 FM 712
   Marlin, Texas  76661-4685

2. Landon A. Wade
   State Bar No. 24098560
   Assistant District Attorney-- Appeal
   401 West Belknap Street
   Fort Worth, Texas 76196
   coaappellatealerts@tarrantcountytx.com

3. Stacey M. Soule
   State Prosecuting Attorney
   Post Office Box 13046
   Capitol Station
   Austin, Texas  78711-2405
   stacey.soule@spa.texas.gov

/s/Jack V. Strickland
Jack V. Strickland

## CERTIFICATE OF COMPLIANCE

Pursuant to *Tex.R.App.P.*9.4(i)(3), I hereby certify that this petition contains **1038** words (excluding the caption). This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

/s/Jack V. Strickland
Jack V. Strickland

# **APPENDIX**

1. Exhibit #1: *Farmer v. State*, (Tex. App.-Fort Worth Nos. 02-16-00110, 02-16-00111-CR & 02-16-00112-CR, 5/25/17) (not designated for publication)

2. Exhibit # 2: Appellant's motion for rehearing, 6/9/17, with denial, 6/29/17.

3. Exhibit #3: Appellant's motion for reconsideration *en banc,* 8/1/17, with denial 8/10/17.



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-16-00110-CR
## NO. 02-16-00111-CR
## NO. 02-16-00112-CR

ANGELA D. FARMER

APPELLANT

V.

THE STATE OF TEXAS

STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
TRIAL COURT NOS. 1418882D, 1418885D, 1418887D

----------

## MEMORANDUM OPINION[1]

----------

In this consolidated appeal, Appellant Angela D. Farmer appeals from her conviction of two first-degree felony counts of possession of a controlled substance with intent to deliver and one third-degree felony count of evading

---

[1]See Tex. R. App. P. 47.4.

EXHIBIT 4

arrest or detention with a vehicle, arguing in two issues that the evidence is insufficient to support her possession convictions and that she received ineffective assistance of counsel during trial. We affirm.

## I. BACKGROUND

On June 22, 2015, two undercover police officers assigned to the Fort Worth Police Department's narcotics division parked their unmarked vehicle near 1015 East Morphy Street in Fort Worth as part of an investigation into possible narcotics activity at that location. The officers observed a couple of individuals lingering around a Honda Accord that was sitting in the residence's driveway who appeared to be on the lookout for law enforcement. So the officers decided to send in a confidential informant to attempt a drug buy. The informant walked up to the driver's side of the Honda, leaned inside, purchased some illegal narcotics, and walked back to the undercover officers' vehicle. The undercover officers then radioed two uniformed officers, William Snow and Emilio Chavez, to report what had occurred and asked them to make the scene, detain the Honda's driver, and continue the investigation.

It took Officers Snow and Chavez about five minutes to arrive, and in the meantime, the undercover officers saw a vehicle pull into the driveway, conduct what appeared to be another drug transaction with the driver of the Honda, and then leave. When Officers Snow and Chavez arrived, they noticed the Honda backed into the driveway with someone seated in the driver's seat and two men lingering outside of the Honda—one near the driver's side door and one on the

2

porch of the residence. Officer Snow got out of his vehicle and began walking toward the Honda, and as soon as he did so, the man who was standing near the Honda began to walk away. Officer Chavez walked over to that man while Officer Snow continued to the driver's side door of the Honda. The window was rolled down, and Farmer, the car's sole occupant, was seated in the driver's seat.

Officer Snow looked inside the Honda and saw a sandwich bag that was filled with pills sitting in the center console where the cup holders would be. Based upon his training and experience, he believed the pills contained heroin and cocaine. While he was at the driver's side window, Farmer put the Honda in drive and sped away, striking Officer Snow in the hand and leg with her car in the process. Farmer raced to a nearby alley, got out of her car, and continued fleeing on foot. With the assistance of the undercover officers, Officers Snow and Chavez located Farmer's vehicle in the alley, pulled in behind it, and ran after her. The officers caught up with her and attempted to arrest her, but she resisted, requiring Officer Chavez to deploy his Taser. Officers Snow and Chavez were ultimately able to arrest her.

After Farmer had been arrested, one of the undercover officers searched her abandoned car. Inside he found the following items:

- A Mentos candy bottle, located in the map pocket of the driver door, filled with some capsules that contained cocaine and some that contained heroin;

- A shaving kit located on the front passenger seat that contained individual baggies and a digital scale;

3

- A bag of hypodermic needles located in the handle of the driver door; and

- Farmer's Texas identification card.

The officers did not, however, find the pill-filled sandwich bag that Officer Snow had seen earlier.

In separate causes, a jury convicted Farmer of possession of a controlled substance—cocaine—with intent to deliver (Cause No. 1418882D), *see* Tex. Health & Safety Code Ann. § 481.112(a), (d) (West 2010); of possession of a controlled substance—heroin—with intent to deliver (Cause No. 1418885D), *see id.*; and of evading arrest or detention with a vehicle (Cause No. 1418887D), *see* Tex. Penal Code Ann. § 38.04(a), (b)(2)(A) (West 2016). The jury assessed her punishment at twenty years' confinement for each possession offense and five years' confinement for the evading-arrest offense. The trial judge sentenced her accordingly, ordering the three sentences to run concurrently. Farmer now appeals.

## II. SUFFICIENCY OF THE EVIDENCE

In her first issue, Farmer contends that the evidence is insufficient to support either of her possession convictions.

In reviewing the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319,

4

99 S. Ct. 2781, 2789 (1979); *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016). In order to convict Farmer of possession of a controlled substance with intent to deliver, the State had to prove beyond a reasonable doubt that she (1) exercised actual care, custody, control, or management over a controlled substance, (2) intended to deliver the controlled substance to another, and (3) knew that the substance in her possession was a controlled substance. Tex. Health & Safety Code Ann. § 481.002(38) (West Supp. 2016), § 481.112(a); *Cadoree v. State*, 331 S.W.3d 514, 524 (Tex. App.—Houston [14th Dist.] 2011, pet ref'd).

Farmer principally attacks the sufficiency of the evidence to support the first element—that she exercised care, custody, control, or management over a controlled substance—and she does so by pointing to the alleged lack of direct evidence that she personally possessed the heroin or cocaine the officers found in the Honda. However, the State was not required to prove this element—or, indeed, any element—of Farmer's possession offenses with direct evidence; it has long been the law that a conviction for a criminal offense can be based on circumstantial evidence alone, and the standard of review for a circumstantial-evidence case is the same as for a direct-evidence case. *Nowlin v. State*, 473 S.W.3d 312, 317 (Tex. Crim. App. 2015). While evidence leading to a strong suspicion or mere probability of guilt is insufficient to support a conviction, if the inferences made by the factfinder are reasonable in light of "the cumulative force of all the evidence when considered in the light most favorable to the verdict," the

5

conviction will be upheld. *Id.* (quoting *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012)).

Here, the jury heard evidence of the following:

- 1015 East Morphy Street was located in a neighborhood with high narcotics activity.

- During the course of an unrelated narcotics investigation, an undercover narcotics officer twice personally observed activity at 1015 East Morphy Street that was consistent with illegal narcotics activity. The officer also received an independent report of suspected narcotics activity at that location from a neighborhood patrol officer.

- Undercover officers surveilled 1015 East Morphy Street and saw two individuals near Farmer's Honda who appeared to be acting as lookouts for law enforcement.

- A confidential informant purchased illegal narcotics from the person seated in the Honda's driver's seat.

- Before uniformed officers arrived, the undercover officers witnessed what they concluded was another person buying drugs from the person in the Honda.

- When Officer Snow approached the Honda, Farmer was the sole occupant, and she was seated in the driver's seat.

- Officer Snow saw a sandwich bag filled with pills in the Honda's center console.

- While Officer Snow was standing near her car, Farmer sped off in an attempt to flee from the officers.

- A search of the Honda revealed a Mentos candy bottle, located in the map pocket of the driver door, filled with capsules that contained cocaine and heroin; a shaving kit located on the front passenger seat that contained individual baggies and a digital scale; a bag of hypodermic needles located in the handle of the driver door; and Farmer's Texas identification card.

6

- One of the undercover officers testified that the baggies inside the shaving kit were the kind that were usually used to package smaller amounts of narcotics and matched the baggie that held the narcotics the confidential informant had purchased from Farmer. He also testified that the digital scale inside the shaving kit was a kind that was commonly used to weigh out smaller amounts of narcotics to sell.

We conclude that, viewed in the light most favorable to the jury's verdict, the above evidence and the reasonable inferences drawn from it are sufficient to support a jury finding beyond a reasonable doubt that Farmer (1) exercised actual care, custody, control, or management over the heroin and cocaine discovered in her vehicle, (2) intended to deliver the heroin and cocaine to another, and (3) knew that the heroin and cocaine in her possession were controlled substances. *See* Tex. Health & Safety Code Ann. §§ 481.002(36), .112(a); *Cadoree*, 331 S.W.3d at 524. We overrule Farmer's first issue.

## III. INEFFECTIVE ASSISTANCE

In her second issue, Farmer argues that she received ineffective assistance of trial counsel in violation of the federal and state constitutions. She was originally appointed counsel, but on March 7, 2016—the day before trial—her retained counsel filed a letter of representation stating that he represented her. Farmer contends that her retained counsel rendered ineffective assistance as demonstrated by several alleged deficiencies in his performance at trial, but she focuses primarily on her retained counsel's entry into the case less than twenty-four hours before trial, arguing that such a late entry into the case meant

that he could not and did not have an adequate amount of time to prepare for trial. Farmer acknowledges the familiar proposition that direct appeal is usually an inadequate vehicle for raising an ineffective-assistance claim, e.g., *Menefield v. State*, 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012), but she contends that this appeal is one of the rare instances in which we can address such a claim on direct appeal because her counsel's ineffectiveness is apparent from the record, *see Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011).

To establish ineffective assistance of counsel, an appellant must show by a preponderance of the evidence that her counsel's representation was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013). An ineffective-assistance claim must be "firmly founded in the record," and "the record must affirmatively demonstrate" the meritorious nature of the claim. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong. *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009).

In evaluating the effectiveness of counsel under the deficient-performance prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at

8

688–89, 104 S. Ct. at 2065; *Nava*, 415 S.W.3d at 307. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct was not deficient. *Nava*, 415 S.W.3d at 307–08. It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record or when counsel's reasons for failing to do something do not appear in the record. *Menefield*, 363 S.W.3d at 593; *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007). Trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Menefield*, 363 S.W.3d at 593. If trial counsel is not given that opportunity, we should not conclude that counsel's performance was deficient unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Nava*, 415 S.W.3d at 308.

To the extent Farmer argues that her counsel's appearance in her case less than a day before trial establishes that she received ineffective assistance of counsel, we conclude otherwise. The record is not only silent as to the reasons why Farmer's counsel did not appear in her case sooner, but it affirmatively reflects that she wanted to proceed to trial with her counsel despite his late entry into her case. Before the jury was seated, Farmer testified that her counsel had explained to her what was going on with her case. Her counsel then asked, "And even though I've just been hired, you decided you want me to stay on your case; is that correct?" Farmer replied, "Yes, sir." She also testified that her counsel had conveyed to her a plea offer from the State and that she had rejected that

9

offer. She acknowledged that it was her decision to reject the State's offer and that she decided that she wanted to proceed to trial. Because the record is silent as to why Farmer's counsel did not appear in her case until the day before trial, and given Farmer's affirmative decision to proceed with her counsel despite that fact, we cannot conclude that her counsel's late entry into this case is sufficient to establish the deficient-performance prong of the *Strickland* test. *See* 466 U.S. at 687, 104 S. Ct. at 2064; *Nava*, 415 S.W.3d at 307.

Farmer also complains of her counsel's "truncated and superficial" voir dire examination of the jury panel; failure to call any witnesses; minimal cross-examination of the State's witnesses; minimal objections to the testimony of the State's witnesses and the State's exhibits; inadequate offer of proof regarding her decision not to testify; and failure to object to the trial court's proposed jury charge or tender any requested special charges. She contends that all of this conduct establishes her ineffective-assistance claim. However, the record is silent regarding the reasons why Farmer's counsel conducted himself the way he did on all of these matters. *See Menefield*, 363 S.W.3d at 593. And we cannot say that the conduct described above was "so outrageous that no competent attorney would have engaged in it." *See id.* Thus, we cannot conclude that this conduct is sufficient to establish the deficient-performance prong of the *Strickland* test. *See id.* (holding that where the reasons for counsel's conduct do not appear in the record, "the appellate court should not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would

10

have engaged in it.'" (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005))).

We hold that Farmer has not met her burden to satisfy the first prong of the *Strickland* test—to establish that her retained counsel's representation was deficient. *See* 466 U.S. at 687, 104 S. Ct. at 2064; *Nava*, 415 S.W.3d at 307. Having so concluded, we need not address the second prong of the *Strickland* test. *See Williams*, 301 S.W.3d at 687. We overrule Farmer's second issue.

## IV. CONCLUSION

Having overruled Farmer's issues, we affirm the trial court's judgments.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 25, 2017

ACCEPTED
02-16-00110-CR
SECOND COURT OF APPEALS
FORT WORTH, TEXAS
6/9/2017 7:52:15 PM
DEBRA SPISAK
CLERK

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS

| | | |
|---|---|---|
| **ANGELA D. FARMER,** | § | |
| Appellant | § | |
| | § | |
| v. | § | **NO. 02-16-00110-CR** |
| | § | **NO. 02-16-00111-CR** |
| **STATE OF TEXAS,** | § | **NO. 02-16-00112-CR** |
| Appellee | § | |
| | § | |
| | § | |

## APPELLANT'S MOTION FOR REHEARING

## TO THE JUSTICES OF THE SECOND COURT OF APPEALS:

COMES NOW, Angela D. Farmer, Appellant in the above-styled and numbered causes, by and through her court-appointed attorney, Jack V. Strickland, and files this, appellant's motion for rehearing of the memorandum opinion delivered on May 25, 2017. In support of said motion Appellant shows as follows:

1.

That the memorandum opinion in the cases at bar was delivered on May 25, 2017. A motion for a rehearing is timely if filed not later than June 9, 2017, a date within 15 days after the court of appeals judgment was rendered. R.49.1, Tex.R.App.Pro.

EXHIBIT #2

2.

That Appellant respectfully contends that the Second Court of Appeals has erred in disposing of the second issue raised by Appellant in her original brief, namely, that she received ineffective assistance of trial counsel in violation of the federal and state constitutions.

The Court of Appeals correctly noted that in her brief, Appellant "...acknowledges the familiar proposition that direct appeal is usually an inadequate vehicle for raising an ineffective-assistance claim..." Op. @ 8. However, as the opinion also admits, Appellant also argues that the cases at bar present a "rare instance" in which a court can address such a claim on direct appeal because her counsel's ineffectiveness is "apparent from the record".

The 2012 Court of Criminal Appeals *Menefield* case made it clear that "usually" does not mean "never." *Menefield v. State*, 363 S.W. 3d 591, 592-93 (Tex.Crim.App. 2012). Clearly, some factual patterns justify a finding of ineffectiveness on direct appeal. The reasons for such a finding should be obvious:

1.  the deficiencies are apparent from the record;

2.  there is not and cannot be any reasonable explanation for a lawyer failing to cross-examine virtually all of the State's witnesses. One or two perhaps, but all?

3.  there is no reasonable explanation for a lawyer to undertake the defense of two first-degree felony cases and one third-degree felony case less than twenty-four hours before trial....except greed. Texas law

implicitly acknowledges the need for adequate time to prepare for trial by *requiring* that a lawyer have not less than ten days to respond to an amended indictment, art. 28.10 (a), *Tex.C.Crim.Pro.* And appointed counsel is entitled to not less than ten days to prepare for a proceeding. Art. 1.051(e), *Tex.C.Crim.Pro.* Clearly, the law recognizes that a certain minimum of time is necessary if a lawyer is to function as a lawyer and not merely be a potted plant.

4.    There is no prevailing professional norm to justify the truncated and superficial voir dire of the jury panel; the failure to call any witnesses; minimal or non-existent cross-examination of the State's witnesses; minimal objections to the testimony of the State's witnesses; minimal or non-existent objections to the State's exhibits; inadequate offer of proof regarding Appellant's decision not to testify; failure to tender any requested special charges; and closing arguments totaling an estimated four to four and a half minutes. What lawyer or jurist, regardless of experience, would venture to excuse such misfeasance? What lawyer or jurist or even lay person would endeavor to excuse such dereliction of duty if this lawyer was "representing" the child or mother of such jurist? There is no reasonable excuse for the unprofessional conduct manifested by the lawyer in the cases at bar.

**WHEREFORE, PREMISES CONSIDERED,** Appellant prays that this Court consider and grant Appellant's motion for rehearing. Further, that inasmuch as Appellant requested oral argument but was not afforded that opportunity, that this Court order oral argument in considering rehearing.

Respectfully submitted,

/s/ Jack V. Strickland
Jack V. Strickland
909 Throckmorton Street
Fort Worth, Texas 76102

Tel: 817.338.1000 (phone)
Fax: 817.338.1020 (fax)
jvstrickland1943@gmail.com
State Bar No. 19397000

COUNSEL FOR APPELLANT
(On Appeal Only)

## CERTIFICATE OF SERVICE

On June 9, 2017, a true and correct copy of the foregoing motion was delivered, by mail, to the following:

Angela D. Farmer, Appellant
TDCJ No. 02056021
HOBBY UNIT
742 FM 712
Marlin, Texas 76661-4685

Landon A. Wade
State Bar No. 24098560
Assistant District Attorney
401 West Belknap Street
Fort Worth, Texas 76196

/s/ Jack V. Strickland
Jack V. Strickland

ACCEPTEI
02-16-00110-CI
SECOND COURT OF APPEAL:
FORT WORTH, TEXA:
8/1/2017 12:24 PI
DEBRA SPISAI
CLERI

## COURT OF APPEALS
## SECOND DISTRICT OF TEXAS

| | | |
|---|---|---|
| **ANGELA D. FARMER,** | § | |
| Appellant | § | |
| | § | |
| **v.** | § | **NO. 02-16-00110-CR** |
| | § | **NO. 02-16-00111-CR** |
| | § | **NO. 02-16-00112-CR** |
| **STATE OF TEXAS,** | § | |
| Appellee | § | |
| | § | |

## APPELLANT'S MOTION FOR RECONSIDERATION *EN BANC*

## TO THE JUSTICES OF THE SECOND COURT OF APPEALS:

COMES NOW, Angela D. Farmer, Appellant in the above-styled and numbered causes, by and through her court-appointed attorney, Jack V. Strickland, and pursuant to Rule 49, *Texas Rules of Appellate Procedure*, files this, Appellant's motion for reconsideration *en banc*. In support thereof, Appellant shows the Court the following:

1.

## PROCEDURAL HISTORY

The memorandum opinion in the cases at bar was delivered on May 25, 2017. Appellant's motion for a rehearing was timely if filed not later than June 9, 2017, and denied on June 29, 2017, with the panel split 2-1. Appellant was ordered to file her motion for *en banc* reconsideration on or before July 31, 2017.

EXHIBIT #3

2.

## **POINT RELIED UPON FOR RECONSIDERATION**

Appellant respectfully contends that the panel erred by concluding that Appellant had failed "...to meet her burden to satisfy the first prong of the *Strickland* test—to establish that her retained counsel's representation was deficient." Op. at 11; *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Consequently, the panel went on to rule that this purported failure relieved the Court of the responsibility to address the second prong of *Strickland*. Op. at 11; *Williams v. State*, 301 S.W. 3d 675, 687. *Tex.Crim.App.*).

Appellant accordingly seeks *en banc* reconsideration by the Court.

3.

It is difficult to imagine a record which more clearly demonstrates the ineffectiveness of a trial lawyer. Counsel filed his entry of appearance literally less than 24 hours prior to the commencement of jury selection. Counsel's voir dire was brief and superficial. That meaningless effect was followed by less than four hours of State's testimony, to which counsel propounded included a total of 35 questions on cross-examination, a single objection, and no objections whatsoever to any of the State's 52 exhibits. But wait—it gets worse. Counsel failed to lodge any objections to either of the trial court's jury charges, tendered no requested special charges, and apparently failed to even read the trial court's faulty punishment charge. In light of

this performance, it is perhaps not surprising that counsel's two jury arguments took only about 5 minutes total. Appellant, who received two 20-year and one five year sentence, would in all likelihood have fared just as well – or perhaps even better -- had she had no lawyer at all.

4.

Counsel is certainly aware that in the normal course of events, a claim of ineffective assistance of counsel is normally not cognizable on direct appeal. The reason is clear and logical: the record is often silent as to the reason a lawyer may have/have not done something. Appellate review of a lawyer's representation is highly deferential, buttressed by the presumption that the lawyer's conduct was not deficient. *Nava v. State*, 415 S.W. 3d 289, 307 (*Tex.Crim.App.* 2013). But... the unwillingness to consider an ineffectiveness claim on direct appeal is not iron-clad. If counsel's ineffectiveness is apparent from the record – as Appellant contends it is in the instant case – the issue may be addressed on direct appeal. *Lopez v. State*, 343 S.W. 3d 137, 143 (*Tex. Crim.App.* 2011). Indeed, Appellant would respectfully argue that this Court need look no further than the fact (supported by the record) that counsel appeared less than 24 hours – *i.e.*, presumably less than eight work hours – prior to the commencement of Appellant's trial. CR 1:21. We would be hard-pressed to find any lawyer or jurist who would accept this caliber of representation for someone in their family. Counsel should be ashamed and we should be ashamed for

pretending that his performance did not deprive Appellant of her fundamental right to effective representation.

5.

In addition, a reversal on direct appeal makes economic sense. Rather than allow this miscarriage to continue to cost the courts and the prison system time and money, and subject Appellant to continued and lengthy incarceration, we should address the problem posed by the cases at the earliest opportunity. Progressing through the Court of Criminal Appeals, is costly and time-consuming. Assuming no relief is then forthcoming, the post-conviction process will only add to the problem. Better to resolve it now.

## PRAYER FOR RELIEF

Appellant respectfully prays this Court grant her motion for *en banc* reconsideration, withdraw its previous memorandum opinion, re-examine its consideration of Appellant's second issue, reverse the judgment, and remand the cases at bar to the trial court for further proceedings consistent with that reversal.

Respectfully submitted,

/s/ Jack V. Strickland
Jack V. Strickland
909 Throckmorton Street
Fort Worth, Texas 76102
Tel: 817.338.1000 (phone)

Fax: 817.338.1020 (fax)
jvstrickland1943@gmail.com
State Bar No. 19397000

COUNSEL FOR APPELLANT
(On Appeal Only)

## CERTIFICATE OF SERVICE

On July 31, 2017, a true and correct copy of the foregoing motion for *en banc* reconsideration was delivered, via email, to Landon Wade, assistant district attorney at COAappellatealerts@tarrantcountytx.gov and by United States' mail to Angela D. Farmer, Appellant, TDCJ No. 02056021, HOBBY UNIT, 742 FM 712 Marlin, Texas 76661-4685.

/s/ Jack V. Strickland
Jack V. Strickland

FILE COPY



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NOS.** **02-16-00110-CR**
**02-16-00111-CR**
**02-16-00112-CR**

ANGELA D. FARMER                                          APPELLANT

V.

THE STATE OF TEXAS                                          STATE

---------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
TRIAL COURT NO. 1418882D, 1418885D, 1418887D

---------

## ORDER

---------

We have considered "Appellant's Motion To Extend Time For Filing En Banc Reconsideration."

The motion is **GRANTED.** Appellant's motion for en banc reconsideration is due **Monday, July 31, 2017.**

The clerk of this court is directed to transmit a copy of the order to the attorneys of record.

DATED July 21, 2017.

PER CURIAM

Print this page

# Case # PD-1094&1095&1096-17

## Case Information

| | |
|---|---|
| Location | Court Of Criminal Appeals |
| Date Filed | 10/09/2017 03:36:42 PM |
| Case Number | PD-1094&1095&1096-17 |
| Case Description | |
| Assigned to Judge | |
| Attorney | Jack Strickland |
| Firm Name | Law Offices of Harmony M. Schuerman |
| Filed By | Harmony Schuerman |
| Filer Type | Not Applicable |

## Fees

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Party Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $0.00 |

## Payment

| | |
|---|---|
| Account Name | HMS Business Visa |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | 31006836 |
| Order # | |

## Petition for Discretionary Review

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Petition for Discretionary Review |
| Filing Description | Appellant's Petition for Discretionary Review |
| Reference Number | 19397000-A Farmer.PDR |
| Comments | Attached is Appellant's Petition for Discretionary Review re: Angela D. Farmer PD-1094-17, PD-1095-17 & PD-1096-17. Thank you. |
| Status | Rejected |

## Fees

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

## Rejection Information

| Rejection | Time | Rejection Comment |
|---|---|---|

| Reason | | |
|---|---|---|
| Other | 10/10/2017 09:10:03 AM | The petition for discretionary review does not contain the identity of Judge, Parties and Counsel [Rule 68.4(a)]. You have ten days to tender a corrected petition for discretionary review. |

## Documents

| | | |
|---|---|---|
| *Lead Document* | Angela Farmer.PDR.pdf | [Original] |

## eService Details

| Name/Email | Firm | Service Type | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Jack V. Strickland jvstrickland1943@gmail.com | Law Office of Jack V. Strickland | EServe | Sent | Yes | Not Opened |
| Stacey M. Soule stacey.soule@spa.texas.gov | | EServe | Sent | Yes | Not Opened |
| Landon A. Wade coaappellatealerts@tarrantcountytx.com | Tarrant County District Attorney's Office | EServe | Error | No | Not Opened |